At the sittings in Charleston in December, 1827,
Nott, J.
delivered the opinion of the Court.
The will in this case embraces both real and personal estate; but in the decree of the Chancellor no distinction is made between them; and perhaps from the words of this will it was not necessary that any distinction should havebeen made. But as the same words when used with reference to lands, and personal property, sometimes admit of a different construction, it may not be improper in this case to consider them in relation to each respectively as used in the will.
We have not been fur nished with a copy of the will, but from the decree it does not appear that the first devising clause in question contains any words of perpetuity. The effect therefore would be to give only a life estate in the lands, and an absolute estate in the personal property. The limitation over of the land, after the termination of' the life estate, would in that case be good. If a fee simple has been given in the first instance, then the result will depend upon the construction to be given to the words, “ if any of my children shall die without lawful issue of their own bodies &c.” If those words are considered as having the effect of converting it into a fee tail, or conditional fee, then the devisee having died without issue, the land descended to the heirs general of the testator, of whom the complainant is one, and is therefore entitled to take by descent. Chadock v. Cowley, Cro. Jac. 695. If the words “surviving children” are to be considered as limiting it to the dying without issue, living at the death of the first taker, then the limitation over is good, by way of executory devise, and the effect will be the same both as it regards the real and personal'estate. Barnfield v. Wetton, 2 Bos. & Pul. 324.
With regard to the personal property, a bequest to one and the heirs- of his body, without any qualification and restriction, has always been held to vest an absolute interest.. These words are always construed to mean an indefinite failure of issue, and a limitation depending upon such a contingency is too remote, and therefore void. But where any words are used, which can be construed into an intention to limit the failure of issue to the time of the death of the first taker, the limitation will be supported. And the Court will take advantage of any words, that will bear such construction, in order to carry the intention into effect. The word survivor has *42 in many instances been held sufficient for that purpose. Roe v. Scott and Smart, Butler’s Fearne, 474, note (b), Wilkes v. Lion, 2 Cowen, 333, Keating and Wife v. Reynolds, 1 Bay 80, Hughes v. Sayer, 1 P. Wms. 534, Massey v. Hudson, 2 Merivale, 130.
In-this latter case Sir William Grant points out, the distinction between a limitation to a survivor, which is intended as a personal benefit, and one which is intended to vest such an interest, as to render it transmissible. “ If,” says that learned judge, “ A, (the legatee) is personally to take the legacy, then the presumption is strong that an indefinite failure of issue could not be in the testator’s contemplation. Prina facie a bequest over to the survivor of two persons, after the death of one without, issue, furnishes this presumption ; for it will be intended that the survivor was meant individually, and personally, to enjoy the legacy, and not merely to take- a vested interest, which might, or might not be accompanied by actual possession.” But when it is-given over to a survivor, his “ executors, administrators, and assigns,” he was of opinion, that it must be considered as vesting a transmissible interest, and therefore too remote and void. If that distinction is to be regarded, and I do not know that it has ever been controverted, the limitation in this case is within the rule, and must be supported. I am of opinion therefore that the decree ought to be affirmed, and the motion dismissed.

Decree affirmed.